Filed 2/28/25  P. v. Slaughter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100057 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE000018) |
| v. | |
| KEVIN DENNIS SLAUGHTER, | |
| Defendant and Appellant. | |

While attempting to flee from sheriff's deputies, defendant Kevin Dennis Slaughter fired his gun at Deputy Sheriff Jaycob Garrison, first during an attempted carjacking and again seconds later in a nearby parking lot.  A jury found defendant guilty of several crimes, including the attempted murder of Deputy Garrison.

On appeal, defendant claims the trial court erred by failing to issue a unanimity instruction as to that single attempted murder charge.  The People argue that the trial court properly declined to issue the jury instruction because the continuous course of conduct exception applied.  We agree with the People and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

At about 6:00 p.m. on Christmas Eve, Michael C.[1] was walking to his car in a parking lot after leaving work.  Defendant ran toward Michael C., pointed a gun at him, and demanded Michael C.'s wallet and car.  After Michael C. complied, defendant drove away in Michael C.'s SUV.

Michael C. ran to a nearby restaurant and called 911 with his cellphone to report the carjacking at approximately 6:05 p.m.  At around 6:40 p.m., Sacramento County Sheriff's deputies found the stolen SUV abandoned in an apartment complex, and Deputy James Avalos reported seeing defendant running away from the apartment complex.

Deputy Garrison immediately responded to the report, drove out of the apartment complex, turned onto the street, and immediately saw defendant holding a gun while attempting to get into a car stopped at the intersection.  Defendant continued to attempt to get into the car, but the driver refused to get out.  Deputy Garrison turned on his lights and siren, stopped his patrol car in the street, and defendant shot at him at least three times.  Unable to get into the car, defendant ran to another nearby sedan.

As defendant approached the sedan, he pointed his gun at S.B. and three passengers, demanding they get out of the car.  Deputy Garrison grabbed his rifle and called out to defendant to stop.  S.B. and the passengers got out of the sedan, ran away, and defendant got into the car.  When defendant began to drive away, Deputy Garrison fired four shots at him.

Sheriff's Deputies Casey Pitto, Michael Keegan, and Matthew Lorigan arrived at the intersection in two separate patrol cars as defendant drove away.  Deputy Keegan fired two shots at defendant as defendant drove into the center divider and through the intersection.

---

[1]     To protect their privacy, we refer to the victims by their first name and last initial or initials.  (Cal. Rules of Court, rule 8.90, subd. (b)(4).)

Sheriff's Deputies Pitto and Keegan continued to give chase, but defendant "immediately" pulled into a parking lot approximately 100 feet past the corner of the intersection. Defendant got out of the sedan and fired several shots at Deputies Pitto, Keegan, Garrison, and Lorigan as they arrived at the parking lot. Deputies Keegan, Garrison, and Lorigan got out of their patrol cars and fired at defendant. After firing several shots, Deputy Garrison saw defendant fall to the ground. The sheriff's deputies arrested defendant and treated him for a gunshot wound to the abdomen. At trial, a witness who was near the intersection at the time of the incident testified that the second round of gunfire in the parking lot started approximately 30 seconds after the initial gunfire.

An amended information charged defendant with robbery (Pen. Code, § 211; count one),[2] attempted carjacking (§§ 664, 215, subd. (a); count three), carjacking (§ 215, subd. (a); counts two, and four), assault with a semiautomatic firearm (§ 245, subd. (b); S.B.—count five), attempted murder (§§ 664, 187, subd. (a); Deputy Garrison—count six, Deputy Pitto—count seven, Deputy Keegan—count eight, and Matthew Lorigan—count nine), and assault with a semiautomatic firearm (§ 245, subd. (d)(2); Deputy Pitto—count ten, Deputy Keegan—count eleven, and Deputy Lorigan–count twelve). The amended information further alleged defendant personally used a firearm (§ 12022.53, subd. (b); counts one—four, six—twelve). For all counts except count five, the amended information alleged defendant personally used and discharged a firearm (§ 12022.53, subd. (c); counts three, six—nine), used a firearm (§ 12022.5, subd. (a) & (d); counts five, ten—twelve), and that defendant knew or should have known that the victim was a peace officer (§ 664, subd. (e)(1); counts six—twelve). It also alleged

---

[2]     Undesignated statutory references are to the Penal Code.

3

several factors in aggravation and that defendant previously suffered two prior strike convictions (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)).

During the trial, the court asked the prosecutor if she was going to request a unanimity jury instruction (CALCRIM No. 3500). The prosecutor responded that she was not seeking a unanimity instruction because it did not apply since the incident involved a continuous course of conduct. Defense counsel submitted on the matter without argument and the trial court did not give the instruction.

The jury found defendant guilty of counts one through six and ten through twelve, which included counts of robbery, carjacking, attempted carjacking, the attempted murder of Deputy Garrison, and assault with a semiautomatic firearm of S.B., Deputies Pitto, Keegan, and Lorigan. The jury found defendant not guilty on count nine, the attempted murder of Deputy Lorigan, and it hung on counts seven and eight, the attempted murder of Deputies Pitto and Keegan. The jury found true all the enhancements attached to counts one through six and ten through twelve. The trial court found true the prior strike allegations and most of the alleged aggravating factors.

The trial court sentenced defendant to an aggregate prison term of 212 years to life, consisting of consecutive indeterminate terms of 25 years to life on counts one, three, and six; 27 years to life on counts two, four, and five, and ten through twelve; plus a determinate sentence of 130 years. At sentencing, defense counsel argued that there were two separate incidents of conduct: (1) the armed robbery and initial carjacking and (2) the "conduct that happened at the intersection." Defense counsel argued section 654 separately applied to counts one and two (robbery and carjacking), four and five (carjacking and assault with a semiautomatic firearm against S.B.), and ten through twelve (the attempted murders of Sheriff's Deputies Pitto, Keegan, and Lorigan). The court only stayed the robbery conviction (count one) under section 654.

Defendant timely appealed.

4

DISCUSSION

Defendant claims there was a risk that the jurors did not unanimously agree on which act constituted the attempted murder of Deputy Garrison, defendant shooting at Deputy Garrison during the attempted carjacking, or defendant shooting at Deputy Garrison in the nearby parking lot. The People argue the continuous course of conduct exception applies because the two shootings occurred near each other, close in time, and had the same purpose of evading law enforcement. We agree with the People.

"We review a claim of instructional error de novo." (*People v. Rivera* (2019) 7 Cal.5th 306, 326.) In a criminal case, the jury must unanimously agree a defendant is guilty of a specific crime. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) A unanimity instruction explains to the jury that a defendant is charged with a specific crime, which occurred during a defined period. (CALCRIM No. 3500.) It further states, "The People have presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act (he/she) committed." (*Ibid.*) The purpose of the unanimity instruction is to protect the defendant's constitutional right to have the jury unanimously agree on the criminal conduct that supports the conviction. (*People v. Sutherland* (1993) 17 Cal.App.4th 602, 611.) "Generally, where evidence shows more than one act which could constitute the charged offense and the prosecutor does not elect to rely on any one such act, a unanimity instruction may be required." (*People v. Haynes* (1998) 61 Cal.App.4th 1282, 1294.)

"There are, however, several exceptions to this rule. For example, no unanimity instruction is required if the case falls within the continuous-course-of-conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction.' [Citation.] . . . .There also is no need for a unanimity instruction if the defendant offers the same defense or defenses to the various acts constituting the charged crime." (*People v. Jennings* (2010) 50 Cal.4th 616, 679.)

5

Here, defendant's course of conduct was continuous. Sheriff's deputies were in active pursuit of defendant when he shot at Deputy Garrison. After abandoning the stolen SUV, defendant ran out of the apartment complex and attempted to carjack a second car that was stopped at an intersection. Just as defendant fled from the apartment complex, Deputy Garrison pulled onto the road, saw defendant, and turned on his lights and sirens. Seeing the deputy's patrol car, defendant fired three shots at Deputy Garrison in order to continue evading law enforcement. Unable to get inside of the second car, defendant carjacked a nearby sedan and continued to flee. Defendant hit the center divider, drove approximately 100 feet through the intersection, and then "immediately" stopped in a parking lot just past the intersection. Defendant then got out of the sedan and started to run away. As defendant did so, he turned toward Deputy Garrison and the other deputies and fired several shots at them.

Beginning from the attempted carjacking near the intersection to firing shots at the deputies in the parking lot, defendant's course of conduct was continuous. His actions were closely linked in time, location, and purpose. (*People v. Zavala* (2005) 130 Cal.App.4th 758, 769; *People v. Haynes, supra*, 61 Cal.App.4th at p. 1294 [the exception applies to acts, minutes, and blocks apart that occurred as part of a single objective].)

The two times that defendant shot at Deputy Garrison were within minutes of each other. Both shootings also occurred near each other. The parking lot where the second shooting occurred was effectively around the corner from the intersection where the first shooting occurred and approximately 100 feet from the intersection. Moreover, both acts of shooting at Deputy Garrison had the same purpose of evading law enforcement.

Defendant argues the trial court's reasoning at sentencing that section 654 did not apply to each of the attempted murder counts infers the court did not view defendant's course of conduct to be continuous but as "two discrete shootings" when it declined to give the unanimity instruction.

6

This argument ignores the fact that the test for staying convictions under section 654 is distinct from the evaluation of whether to issue a unanimity instruction. A course of criminal conduct is divisible so as to allow multiple punishment, if the defendant had a separate intent and objective for each offense. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208-1209.) In contrast, a court is required to give a unanimity instruction if the jury might improperly render a guilty verdict without unanimous agreement on the offense that supports the verdict, subject to the continuous course of conduct exception discussed *ante*. (*People v. Russo, supra*, 25 Cal.4th at p. 1132.)

At sentencing, defense counsel argued that only counts one, two, four, five, and ten through twelve were subject to section 654. Defense counsel further claimed that the two separate incidents were the initial robbery and carjacking, and the incident at the intersection. Defendant never asserted that the attempted murder of Deputy Garrison was subject to section 654.

The trial court declined to apply section 654 to the attempted murder charges at sentencing because the deputies were separate victims. (*People v. King* (1993) 5 Cal.4th 59, 78 ["[S]ection 654 does not apply to 'crimes of violence against multiple victims' "].) Had the People charged defendant with multiple counts of attempted murder of Deputy Garrison then, section 654 arguably would have applied at sentencing, but the People charged defendant with a single count.

The evidence of two separate shootings alone does not necessarily trigger the court's sua sponte duty to issue a unanimity instruction during trial. (*People v. Zavala, supra*, 130 Cal.App.4th at p. 769 ["[T]here is no need for a unanimity instruction as to individual acts within the course of conduct, because the jury need only agree on whether the defendant committed acts the net effect of which constitutes the statutory offense"].)

The trial court did not err in declining to give the unanimity instruction.

DISPOSITION

The judgment is affirmed.

                                           /s/

                                          Krause, J.

We concur:

      /s/

Hull, Acting P. J.

      /s/

Renner, J.